IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JACKIE McLEOD, #116274,               )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )          CASE NO. 1:09-CV-831-TMH
                                      )                    [WO]
                                      )
ROBERT GLENN WOODHAM, et al.,         )
                                      )
          Defendants.                 )

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This civil action is before the court on a complaint filed by Jackie McLeod ["McLeod"], a state inmate and frequent federal litigant, on September 1, 2009. In this complaint, McLeod seeks relief from this court under both 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Specifically, McLeod asserts that Robert Glenn Woodham and Brenda Woodham, individuals for whom he worked in May of 2008, filed an alleged false complaint against him for theft of property in violation of his right to equal protection.

Upon initiation of this case, McLeod filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C.§ 1915(a). *Application to Proceed Without Prepayment of Fees - Court Doc. No. 2.* However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

imminent danger of serious physical injury."[1]

The records of this court establish that McLeod, while incarcerated or detained, has on at least three occasions had civil actions dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915.  The actions on which this court relies in finding a § 1915(g) violation are:  (1) *McLeod v. Byrd, et al.*, Case No. 1:94-CV-1382-ID (M.D. Ala. 1995), (2) *McLeod v. Herring, et al*., Case No.2:94-CV-1014-RBP (N.D. Ala. 1995), and (3) *McLeod v. Cooper, et al*., Case No. 2:93-CV-798-SCP (N.D. Ala. 1993).

In this cause of action, McLeod challenges the constitutionality of a criminal complaint initiated against him by his former employers on May 22, 2008 for theft of property.  The allegations made the basis of the instant complaint utterly and completely fail to demonstrate that McLeod was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g).  *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger" to circumvent application of the "three

---

[1]In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."  In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."  549 U.S. at 216, 127 S.Ct. at 921.

strikes" provision of 28 U.S.C. § 1915(g)).  Based on the foregoing, the court concludes that

McLeod's motion for leave to proceed *in forma pauperis* is due to be denied and this case

dismissed without prejudice as McLeod failed to pay the requisite filing fee upon initiation

of this cause of action.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis

in original) ("[T]he proper procedure is for the district court to dismiss the complaint without

prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the

provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates***

the suit.").

## CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Jackie

McLeod on September 1, 2009 (Court Doc. No. 2) be and is hereby DENIED.  Additionally,

it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without

prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that on or before September 17, 2009 the parties may file objections to

the Recommendation.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive

or general objections will not be considered by the District Court.  The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of September, 2009.


            /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE